UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARHONDA OLIVER,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>        Defendant. | Case No. CV 04-7682-JTL<br><br>ORDER AWARDING ATTORNEY FEES<br>PURSUANT TO 42 U.S.C. SECTION 406(b) |

**BACKGROUND**

On September 15, 2004, LaRhonda Oliver ("plaintiff") filed a Complaint seeking review of the Commissioner's denial of her application for Supplemental Security Income benefits. On October 27, 2004, the parties filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on March 30, 2005, Michael J. Astrue, Commissioner of Social Security ("defendant"), filed an Answer to Complaint. On June 3, 2005, the parties filed their Joint Stipulation. On November 17, 2006, this Court remanded the case to the Administrative Law Judge ("ALJ"), instructing him to reevaluate plaintiff's testimony and credibility in light of the errors outlined in the Court's Memorandum Opinion and Order.

On February 9, 2007, the Court entered an Order granting plaintiff's counsel the sum of $4,106.12 in attorney fees pursuant to the Equal Access to Justice Act ("EAJA").

At the second ALJ hearing, the ALJ determined that plaintiff was entitled to disability benefits.  (<u>See</u> Declaration of Young Cho ["Cho Decl."] ¶ 4, Exh. 2).  Thereafter, the Commissioner sent plaintiff a Notice of Award indicating retroactive benefits in the amount of $35,979.00.  (<u>See</u> Cho Decl. ¶ 5, Exh. 3).

On May 6, 2008, plaintiff filed a Motion for Attorney's Fees pursuant to 42 U.S.C. Section 1383(d)(2)(A) ("Motion") requesting a fee of $8,906.12 based on 24.5 hours of attorney time, and 3.0 hours of paralegal time for representation before the district court.  (Motion at 3; Cho Decl. ¶ 6, Exh. 4).

On June 5, 2008, defendant filed a Response to Plaintiff's Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) ("Response").  In the Response, defendant notes that the statutory basis for plaintiff's fee request is 42 U.S.C. Section 406(b), not 1383(d)(2)(A).  (Response at 2).  Defendant notes that plaintiff's requested fee is just under 25 percent of plaintiff's past due benefits.  (Response at 3).  Defendant recommends that the Court, when determining a reasonable fee, separate out the fee requested for paralegal time related to representation before the district court, and the fee requested for attorney time related to representation before the district court.  (Response at 5-6).  Defendant notes that after using the paralegal billing rate of $98.82 per hour, provided by plaintiff in the request for EAJA fees, the effective hourly rate for attorney time is $351.40. (Response at 6).  Defendant recommends that, if the Court finds the fee request reasonable, the Court award plaintiff's counsel fees under Section 406(b) and order plaintiff's counsel to refund the $4,106.12 in fees plaintiff's counsel previously received under the EAJA.  (Response at 7).

**DISCUSSION**

Congress authorized payment of a reasonable fee for representation of a successful social security claimant.  42 U.S.C. § 406(b).  A "reasonable fee" cannot be in excess of 25 percent of the past-due benefits to which the claimant is entitled by his or her judgment.  42 U.S.C. § 406(b)(1)(A).  This fee provision is not intended to displace contingent fee agreements as a means to set fees for representation of social security benefit claimants.  <u>Gisbrecht v.</u>

1 Barnhart, 535 U.S. 789, 807 (2002).  Nor does it imply that all contingent fee agreements that
2 provide for fees up to 25 percent of the past-due benefits awarded are reasonable per se.
3 Gisbrecht, 535 U.S. at 807.  Instead, in order to recover fees under Section 406(b), an attorney
4 for a successful claimant must show that the fee sought is within the 25 percent boundary and
5 that the fee sought is reasonable for the services rendered in the course of his or her
6 representation before the district court.  Id.

7 Accordingly, even when a contingent fee falls within the 25 percent boundary, the court
8 may reduce the fee if the court finds it unreasonable.  Id.  In order to determine whether a fee
9 is reasonable, courts have considered the attorney's recovery based on the character of the
10 representation and the results the representation achieved.  Id. at 808.  For example, if the
11 attorney is responsible for delay, "a reduction is in order so that the attorney will not profit from
12 the accumulation of benefits during the pendency of the case in court."  Id.  Similarly, if the
13 benefits are large in comparison to the amount of time counsel spent on the case, a downward
14 adjustment is in order to avoid a windfall for the attorney.  Id.; see also Ellick v. Barnhart, 445
15 F. Supp. 2d 1166, 1173 (C.D. Cal. 2006) ("Counsel spent very little time on the case in
16 comparison to the amount of benefits now owing, and the issues briefed in the summary
17 judgment motion were neither novel nor complex.").  If the contingent fee is found to be
18 unreasonable, the court must adjust the attorney's recovery accordingly.  Gisbrecht, 535 U.S.
19 at 808.

20 Here, plaintiff is a successful social security claimant and plaintiff's attorney may be
21 awarded a reasonable fee under Section 406(b).  See 42 U.S.C. § 406(b)(1)(A) ("Whenever a
22 court renders a judgment favorable to a claimant under [Title II] who was represented before
23 the court by an attorney, the court may determine and allow as part of its judgment a
24 reasonable fee for such representation, not in excess of 25 percent of the total of the past-due
25 benefits to which the claimant is entitled by reason of such judgment . . . ").

26 On July 18, 2003, plaintiff entered into a contingent fee agreement with her attorney.
27 (See Cho Decl. ¶ 2, Exh. 1).  Under the terms of the contingent fee agreement, plaintiff agreed
28 that her counsel would receive a fee equal to 25 percent of all past due benefits upon reversal

of any unfavorable ALJ decision for work before the court.  (See Cho Decl. ¶ 2, Exh. 1 ¶ 4). Thus, the contingent fee agreement provides for a fee that falls within the acceptable range provided by Section 406(b).  In addition, there is no basis to find, and none is alleged, that the contingent fee agreement itself is invalid based on fraud or other grounds.

Upon finding a valid contingent fee agreement between a successful social security claimant and her attorney, the court must determine whether the contingent fee is reasonable for the services rendered.  Gisbrecht, 535 U.S. at 807.  Here, plaintiff's counsel proposes to collect a fee of $8,906.12 under Section 406(b).  To assess the reasonableness of counsel's fee pursuant to the terms of the contingent fee agreement, the Court has reviewed the record summarizing the time plaintiff's counsel and his paralegal spent working on the case before the district court.  See Gisbrecht, 535 U.S. at 808-09.  (See Cho Decl. ¶ 6, Exh. 4).  After considering the reasonableness of the fee request in light of the particular circumstances of this case, including the risks associated with representation of numerous social security claimants on a contingent fee basis, the Court finds that $8,906.12 for 24.5 hours of attorney time and 3.0 hours of paralegal time for representation before the district court is reasonable.

## CONCLUSION

Based upon the foregoing, plaintiff's motion for attorney fees is **GRANTED**.  Attorney fees under Section 406(b) are awarded in the gross amount of $8,906.12, to be paid out of the sums withheld by the Commissioner from plaintiff's benefits.  Upon payment by the Commissioner of such amount to plaintiff's counsel, plaintiff's counsel shall reimburse plaintiff in the amount of $4,106.12 to offset the fee award that the Commissioner has already paid to counsel under the EAJA.

DATED: June 26, 2008

                                                      /s/
                                JENNIFER T. LUM
                                UNITED STATES MAGISTRATE JUDGE